# APPENDIX.

YORK, 1850. — HENRY HOLMES, *petitioner for administration de bonis non, on the estate of Jeremiah Smith, appellant from a decree of the Judge of Probate, ex parte.*

IN this case the following facts are proved. Jeremiah Smith died previous to March, 1816. Administration on his estate was granted to his widow, Mercy Smith, March 18, 1816. She returned an inventory of the estate March 17, 1817. Whole amount $326,61.

The administratrix represented the estate insolvent, and a list of claims was returned to the Judge of Probate, by the commissioners amounting to $179,18, on January 3, 1818, at which time she settled her first account crediting the personal estate inventoried, and leaving a balance of $23,97 due her. At the Court of Common Pleas, January term, 1818, the administratrix obtained license to sell real estate to pay the debts; and previous to the sale had her dower assigned. On the 10th December, 1818, she sold the real estate, except the *reversion* of her *dower*, for $37. On the 17th March, 1823, she settled her second account, crediting the amount for which the real estate was sold, and leaving a balance still due to her of $29,09. The widow occupied or leased the land assigned her for dower, till her death, about the year 1846, never having sold the reversion, and not having paid any of the debts due from the estate.

The petitioner being one of the creditors whose claims had been allowed by the commissioners, applied for administration *de bonis non*, so that the remaining real estate of Smith might be sold, and the proceeds distributed. The Judge of Probate refused to grant administration, as more than twenty years had elapsed since the original administration was granted, and the report of commissioners of insolvency was made and accepted.

*N. D. Appleton*, for the petitioner —
Cited the Stat. of Mass. of 1784, and Statutes of Maine, 1821

chap. 51, sect 20, 25, R. S. chap. 105, sect. 39, *Kempton* v. *Swift,* 2 Metcalf, 70, to show that the first administrator had no authority to sell the reversion, under her license, and that there was no limitation to the power of the Judge of Probate to grant administration *de bonis non.*

TENNEY, J., orally. — The decree of the Judge of Probate must be reversed.